IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERROL LOVELL UNDERWOOD,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD TAN, et al.,<br><br>Defendants. | No. 2:17-CV-0174-KJM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion (ECF No. 31) for an extension of time and for the appointment of counsel.

Good cause appearing therefor, plaintiff's request for a 90-day extension of time to respond to defendants' motion for summary judgment is granted in part. Plaintiff will be granted an extension of 60 days from the date of this order.

Turning to plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional

circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. First, the record reflects that plaintiff has been able to sufficiently articulate his claims on his own. Second, having conducted a preliminary review of defendants' motion for summary judgment, and evidence submitted therewith, for purposes of resolving the current motion for counsel, the court cannot say that plaintiff has a particularly strong likelihood of success on the merits. Third, the substantive Eighth Amendment medical care issues presented in this case are straightforward and not overly complex, wither factually or legally.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 31) is granted in part;

2. Plaintiff may file an opposition to defendants' motion for summary judgment within 60 days of the date of this order; and

3. Plaintiff's motion for the appointment of counsel (ECF No. 31) is denied.

Dated: December 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE